# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| MARIO THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C09-252-RSM-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKY BRONKHORST, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff Mario Thomas alleges in his complaint that he was injured during the course of a body cavity search at the South Precinct of the Seattle Police Department on January 5, 2006. (*See* Dkt. No. 4 at 3.) He identifies Department of Corrections Officer Rocky Bronkhorst as the individual who conducted the search and caused his injuries. (*See id.*) Defendant Bronkhorst has now filed a motion to dismiss this action in which he argues that plaintiff's claims are barred by the statute of limitations. The record supports this argument.

Because plaintiff asserts claims under § 1983, the Washington statute of limitations governing personal injury actions applies. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Accordingly, the applicable limitations period is three years. RCW 4.16.080(2). Although state law provides the

REPORT AND RECOMMENDATION
PAGE - 1

applicable limitations period, federal law determines when the cause of action accrues. *See Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998). And, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id*.

Plaintiff alleges that the search at issue occurred on January 5, 2006. The record reflects that plaintiff signed the instant civil rights complaint on February 20, 2009, and that it was received by the Court for filing on February 26, 2009, several weeks after the statute of limitations expired. Nothing in the record before this Court suggests that plaintiff is entitled to any tolling of the statute of limitations.[1] Accordingly, this Court recommends that plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of July, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Defendant advises the Court in his reply brief in support of the motion to dismiss that a copy of the motion was sent to plaintiff at his last known address on May 8, 2009, but that the copy was returned to defendant's counsel on May 29, 2009, and stamped "unclaimed." The certification of service attached to defendant's motion to dismiss reflects that the motion was sent to plaintiff at the address which is on record with the Court. Plaintiff has not advised the Court of any more current address as he is obligated to do under the local rules of this Court. Thus, even if the complaint were not clearly barred by the statute of limitations, it would be subject to dismissal pursuant to Local Rule 41(b)(2) based upon plaintiff's failure to prosecute.

REPORT AND RECOMMENDATION
PAGE - 2